**J. Arthur BROWN et al., Plaintiffs,**

**United States of America, by Ramsey Clark, Attorney General of the United States, Plaintiff-Intervenor,**

v.

**The SOUTH CAROLINA STATE BOARD OF EDUCATION, a Public Body Corporate, et al., Defendants,**

and

**Mrs. Ernest T. Cribb et al., Intervenors-Defendants.**

**Civ. A. No. AC–1655.**

United States District Court
D. South Carolina,
Columbia Division.

May 31, 1968.

**200**

Matthew J. Perry, Columbia, S. C., Ernest A. Finney, Jr., Sumter, S. C., for plaintiffs.

Klyde Robinson, U. S. Dist. Atty., Columbia, S. C., John Rosenberg, U. S. Atty., U. S. Department of Justice, Washington, D. C., for the United States.

Daniel R. McLeod, Atty. Gen. State of S. C., Columbia, S. C., David W. Robinson, Columbia, S. C., for South Carolina State Board of Education.

J. C. Long, Charles S. Way, Jr., Coming B. Gibbs, Jr., Charleston, S. C., for interveners-defendants.

Before BRYAN, Circuit Judge, and MARTIN and HEMPHILL, District Judges.

PER CURIAM:

This is a class action in which Plaintiffs, by their amended complaint, and the United States, Plaintiff-Intervenor, by its complaint in intervention, seek to enjoin the implementation of Act No. 297 (1963) of the South Carolina General Assembly.[1] After adoption of the

I. SOUTH CAROLINA CODE OF 1962 SECTION 21–297 ET SEQ. (CUM.SUPP.1966)

No. 297

*An Act To Provide State Scholarship Grants; To Fix The Amount Thereof; To Provide For The Supplementing Of Such Grants By The School Districts Of The State; To Vest In The State Board Of Education The Power And Duty To Make Rules Governing Scholarship Grants; To Fix Penalties For Misapplication Of Scholarship Funds And For Other Purposes.*

Be it enacted by the General Assembly of the State of South Carolina:

*SECTION 1. Findings of General Assembly.*—The General Assembly finds that the cause of primary and secondary education in South Carolina will be advanced if individual children of school age, their parents and guardians, are made free to choose between public and private educational institutions. Provision has been made for the transfer of pupils from one public school to another, subject to such limitations as may be necessitated by local conditions, and it is considered highly desirable that the freedom to choose among available educational institutions be extended and enlarged by providing scholarship grants for children entitled to attend primary and secondary public schools who wish to attend private or independent institutions, such scholarship grants to be furnished from State funds supplemented by local school districts.

*SECTION 2. Definitions.*—The following words and phrases as used in this act shall, unless a different meaning is plainly required by the context, have the following meanings:

(a) "School Child" shall mean any person between the ages of six and twenty whose domicile is with his or her parent within the State and who is otherwise qualified to attend the public schools of any school district in which he or she resides.

(b) "Parent" shall mean the natural or adoptive parent or the guardian having legal custody of a child eligible and entitled to receive a scholarship grant under this act who is actually paying or who will pay the tuition cost of attendance of such child at a school which qualifies such child to receive a grant under the terms of this act.

(c) "Private School" shall mean a private or independent elementary or high school which is not operated or controlled by any church, synagog, sect or other religious organization or institution.

*SECTION 3. Persons eligible to receive scholarship grants.*—Subject to the terms and provisions of this act every school child in the State who has not yet finished or graduated from high school and who desires to attend a private school located within the State shall be eligible for and entitled to receive a State scholarship grant in an amount equal to the per pupil cost to the State of public education as certified by the Governor.

*SECTION 4. Funds for grants.*—The State scholarship grants provided for in Section 3 of this act shall be payable from

Act the State Board of Education promulgated rules and regulations for implementation of the Act pursuant to Section 7 thereof.[2] The Act provides

funds appropriated by the General Assembly for the payment thereof.

*SECTION 5. Local school district to furnish funds.*—It shall be a prerequisite to the grant above permitted that the local school district in which the school child resides make available a grant of local funds to such school child and to that end the trustees of each school district within the State are hereby authorized to appropriate funds in addition to the State scholarship grants provided for in Section 3 of this act in such amount that is equal to the per pupil cost to the school district exclusive of all State funds received for such purposes. The trustees of each school district are authorized to levy taxes where the school district has the power to tax. to raise funds for the payment of such local supplements to the State scholarship grants. The State Board of Education shall render such assistance to the trustees as may be necessary to determine annual per pupil expenditures of the school district for the purpose of fixing the amount of any supplement to be paid under this section.

*SECTION 6. Grant not to exceed tuition.*—The total of the annual scholarship grant provided for each child by this act shall not exceed the actual cost of tuition at the private school attended by the child.

*SECTION 7. Rules and regulations.*—The State Board of Education is hereby authorized and directed to promulgate such rules and regulations, consistent with the terms of this act, for the receiving and processing of applications for scholarship grants, the payment of grants and the administration of this act generally as it may find necessary or desirable. Such rules may, among other things, provide for the payment of scholarship grants by the school districts of the State to the parent of any child entitled to receive a scholarship grant in installments or otherwise, and for the proration of scholarships for children attending school less than a full school year; they shall include a minimum academic standard that shall be met by any school in order to entitle children attending such school to receive a scholarship grant; *provided*, however, that no rule promulgated under the authority of this act shall restrict, or in any way affect, the requirements of such school concerning the eligibility of pupils who may be admitted thereto or specify minimum physical plant facilities of any such school.

*SECTION 8. Unlawful to misuse scholarship funds.*—It shall be unlawful for any person to obtain, attempt to obtain, expend or attempt to expend, any scholarship funds provided by this act for any purpose other than in payment of, or reimbursement for, the tuition cost of the child to whom such scholarship has been awarded at the institution he or she is authorized to attend under his or her scholarship grant.

*SECTION 9. Penalties.*—Any person convicted of violating the provisions of this act shall be punished by imprisonment for a term not to exceed three years or by a fine not to exceed two thousand dollars, or by both, in the discretion of the court.

*SECTION 10. Saving clause.*—If any portion of this act, or the application thereof to any person or circumstance is, for any reason, declared unconstitutional, such declaration shall not affect the validity of the remaining portions of this act or its application to other persons and circumstances.

*SECTION 11. Repeal.*—All acts or parts of acts inconsistent herewith are repealed.

*SECTION 12. Time effective.*—This act shall take effect upon approval by the Governor.

Approved the 5th day of June, 1963.

2. SOUTH CAROLINA CODE OF 1962
VOL. 17, PAGE 71
(CUM.SUPP.1966)
STATE SCHOLARSHIP GRANTS.
Promulgated under authority of
§ 21–297.5, S.C.Code 1962.
(Filed in the office of the Secretary of State August 29, 1963.)

I. *Eligibility for State Scholarship Grants*

When state funds have been made available, scholarships may be granted to any person between the ages of six (sixth birthday on or before November 1) and twenty whose domicile is with his or her parent or guardian within a school district of the State, where the legal trustees choose to accept the Grant in Aid plan and provide the district's pro rata of the cost as provided by the Act; and further who is qualified and entitled to attend a public school in the district.

II. *Conditions for approval of Scholarship Grants*

Scholarship grants may be approved for use only in non-sectarian private schools between the grades of one and twelve inclusive, located within the State of South Carolina and which meet the minimum requirements prescribed by the State Board of Education.

for the payment of scholarship grants to qualified school children in the State who desire to attend private schools in the State.

On May 9 and 12, 1965, this Court issued temporary restraining orders enjoining the making of payments under the Act until the case could be heard on its merits.

Act 297 is unconstitutional. A review of the record, including the historical background of the Act, clearly reveals that the purpose, motive and effect of the Act is to unconstitutionally circumvent

III. *Amount of Scholarship Grants*

The amount of each scholarship grant shall be an amount equal to the per pupil cost to the State of public education, as certified by the Governor, provided that the local school district in which the pupil resides shall make available a grant of local funds to such pupil in amount equal to the per pupil cost to the school district, exclusive of all state funds, and further provided that the total annual scholarship grant provided for each child shall not exceed the actual cost of tuition at the private school attended by the pupil.

IV. *Procedure*

The State Department of Education is designated by the State Board of Education as the legal agent for the administration of the State Scholarship Grant program. Applications for scholarship grants shall be made to the board of trustees of the school district in which the pupil resides with his or her parent or guardian on official application forms secured from the board of trustees. Such application, when processed and approved by the board of trustees, showing the amount of district funds reserved for payment of the district's portion of the Grant, shall be forwarded to the State Department of Education. The State Department of Education shall then process the application, listing the pro rata of state funds per pupil, and shall notify the district board of trustees of the amount of state funds for which the pupil is eligible. Any or all of the scholarship grant for any particular pupil sent to the board of trustees not paid to the parent or guardian must be returned to the State Department of Education.

V. *Reimbursement to District School Boards*

The State Department of Education is hereby authorized to reimburse the district board for the State's share of such scholarship grant as provided by law. No payment shall be made by the district board to a parent or guardian until a report has been received from the school in which the pupil is in attendance. The report shall show the length of time in days actually taught and the number of days in which the pupil was in attendance. Full reimbursement shall not be made for any pupil who is not in attendance a minimum of 75 days each semester or 150 days each school session except where excessive absence has been caused by illness properly certified by a physician. The scholarship grants for pupils who transfer from one school to another will be pro rated.

VI. *Minimum Requirements for Private Schools*

a. A private elementary school will not be approved unless the school employs qualified teachers, maintains a proper pupil-teacher ratio, uses the course of study provided by the State Board of Education through its adoption of textbooks, employs the other necessary staff personnel, and provides adequate library services.

b. A private high school will not be approved unless it meets the minimum standards set up by the State Board of Education for the approval of a private secondary school, such as:

1. Employ a sufficient number of qualified teachers to sustain a curriculum that will include as a minimum the nine basic courses required by the State Board of Education plus electives that will enable a student to earn at least seven additional units.
2. Operate the school not less than five hours a day for 180 days per session with periods of not less than 45 minutes each for regular class periods.
3. Provide sufficient library books and services to supplement and enrich the total school program.
4. Provide adequate guidance services.

VII. *Execution of the Certification by the Board of Trustees*

The board of trustees of any school district which decides to enter into the Scholarship Grant in Aid program may designate, through resolution of the board recorded in the minutes of the board, the chairman or secretary of the board to execute the application blanks for the board; and further a copy of such resolutions must be filed with the State Department of Education.

the requirement first enunciated in Brown v. Board of Education of Topeka, Shawnee County, Kan., 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954), that the State of South Carolina not discriminate on the basis of race or color in its public educational system. See Lee v. Macon County Board of Education, 267 F.Supp. 458 (M.D.Ala.1967); Poindexter v. Louisiana Financial Assistance Commission et al., 275 F.Supp. 833 (E.D.La. 1967), affirmed 389 U.S. 571, 88 S.Ct. 693, 19 L.Ed.2d 780 (1968).

It is therefore ordered that the defendants, their members, officers, agents, servants, employees and successors in office and all those who are acting or may act in concert or participation with them, are hereby permanently restrained, enjoined and prohibited from enforcing or seeking to enforce by any means the provisions of Act 297 of the 1963 Session of the South Carolina Legislature.