**Jo Ann GRAHAM et al., Plaintiffs,**

**United States of America, Plaintiff-Intervenor-Appellant,**

v.

**EVANGELINE PARISH SCHOOL BOARD et al., Defendants-Appellees,**

**Louisiana State Board of Education, Added Defendants-Appellees,**

**Lawrence Vizinat et al., Defendants-Intervenors-Appellees.**

No. 72–3033.

United States Court of Appeals, Fifth Circuit.

Aug. 22, 1973.

Rehearing and Rehearing En Banc Denied Oct. 30, 1973.

Richard H. Swan, John D. Leshy, Brian K. Landsberg, Attys., Dept of Justice, Washington, D. C., Donald E. Walter, U. S. Atty., Shreveport, La., David L. Norman, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for appellant.

Marion Overton White, Opelousas, La., for Jo Ann Graham.

John F. Ward, Jr., Baton Rouge, La., L. O. Fuselier, Dist. Atty., Ville Platte, La., for Evangeline Parish School Board and others.

Thomas W. McFerrin, Asst. Atty. Gen., Baton Rouge, La., for La. State Board of Education.

Donald Soileau, Mamou, La., for Vizinat and others.

.Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

The District Court denied the request of the United States for preliminary and permanent injunctions requiring the Louisiana State Board of Education and the Evangeline Parish School Board to cease providing textbooks and supplies to the children of the Evangeline Acade-

my. We vacate and remand on the authority of Norwood v. Harrison, 413 U. S. 455, 93 S.Ct. 2804, 37 L.Ed.2d 723 [1973].

*Norwood,* together with the spate of cases involving state aid to parochial schools decided by the United States Supreme Court this past term, Levitt v. Committee for Public Education, 413 U. S. 472, 93 S.Ct. 2814, 37 L.Ed.2d 736 [1973]; Committee for Public Education v. Nyquist, 413 U.S. 756, 93 S.Ct. 2955, 37 L.Ed.2d 948 [1973], and Sloan v. Lemon, 413 U.S. 825, 93 S.Ct. 2982, 37 L.Ed.2d 939 [1973], virtually ensure the relief sought by the United States as a plaintiff-intervenor in this school desegregation case.

Although the District Court made no specific findings of fact concerning the provision of free textbooks and transportation by the State to students attending Evangeline Academy and apparently assumed without deciding that the Evangeline Academy is a racially segregated school, the Court's ruling and the record before us indicate clearly that Louisiana was providing just the kind of aid to the type of school which falls within the proscription of *Norwood.* To the extent that it aided segregated private schools, a Mississippi statutory program, in many respects similar to the Louisiana system, was found in *Norwood* to be unconstitutional. Under these programs, textbooks were purchased by the State and lent to students in both public and private schools without regard to the schools' racially discriminatory policies.

From the record before us, it appears that Evangeline Academy is a racially segregated institution providing an alternative to the court ordered integration of Evangeline Parish public schools. Within one month of the District Court's desegregation order, Evangeline Academy was incorporated and operative. All of its students are white, and its opening resulted in a corresponding attrition of white students from the Parish's public schools. From its inception, the Academy received aid from the Parish School Board: bus transportation and textbooks for students, and library books for the school. State assistance to such a school and its students had the inevitable effect of frustrating the order disestablishing a dual public school system.

In *Norwood,* the Supreme Court found that

[a] textbook lending program is not legally distinguishable from the forms of state assistance foreclosed by the prior cases.[1]

Free textbooks [lent to students], like tuition grants directed to private school students, are a form of financial assistance inuring to the benefit of the private schools themselves. . . . When, as here, . . . [a necessary learning expense] is borne by the State, the economic consequence is to give aid to the enterprise; if the school engages in discriminatory practices the State . . . thereby gives support to such discrimination. Racial discrimination in state-operated schools is barred by the Constitution and "[i]t is also axiomatic that a state may not induce, encourage or promote private persons to accomplish what it is constitutionally forbidden to accomplish." Lee v. Macon County, 267 F.Supp. 458, 475 (M.D.Ala.1967).

---

[1] The Court had previously identified these prior cases as:
Brown v. South Carolina Board of Education, 296 F.Supp. 199 (D.C.S.C.1968), aff'd per curiam, 393 U.S. 222, 89 S.Ct. 449, 21 L.Ed.2d 391 (1968); Poindexter v. Louisiana Financial, etc., Commission, 275 F.Supp. 833 (E.D.La.1967), aff'd per curiam, 389 U.S. 571, 88 S.Ct. 693, 19 L.Ed.2d 780 (1968). *See* Wallace v. United States, 389 U.S. 215, 88 S.Ct. 415, 19 L.Ed.2d 422

(1967), aff'g Lee v. Macon County Board of Education, 267 F.Supp. 458 (M.D.Ala.1967). Mississippi's tuition grant programs were invalidated in Coffey and United States v. State Educational Finance Commission, 296 F.Supp. 1389 (S.D.Miss.); Coffey and United States v. State Educational Finance Commission, S.D.Miss., CA No. 2906, decided Sept. 2, 1970 (unreported).
413 U.S. at 463 n. 6, 93 S.Ct. at 2810.

413 U.S. at 463, 93 S.Ct. at 2810 (Footnote added).

Without findings of fact, we cannot properly deal with the argument concerning the transportation of students. On remand, however, the District Court will need to reconsider the entire case insofar as it relates to state aid to Evangeline Academy. The District Court should consider, in the light of *Norwood*, all of the State's assistance to the Academy in determining what further relief might be necessary to disengage the State and its local agencies from the operation of the segregated private school.

Vacated and remanded.